UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

BABY N' KIDS BEDROOMS, INC.,

      Debtor.

_____/

BK NOVI PROJECT, L.L.C.,                    Case No. 06-15314

      Plaintiff/Appellant,              Honorable Patrick J. Duggan

v.

MICHAEL STEVENSON, trustee for Baby
N' Kids Bedrooms, Inc.,

      Defendant/Appellee.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 24, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On October 23, 2006, the Bankruptcy Court held a hearing on BK Novi Project,

L.L.C.'s ("Landlord") Petition for Allowance of Administrative Expense ("Petition"),

which was brought pursuant to 11 U.S.C. § 503(b) for post-petition administrative rent

from June 8 through August 14, 2006. At the hearing, the Bankruptcy Court denied the

Landlord's Petition with respect to the period of June 8 through June 30, 2006. Presently

before this Court is Landlord's appeal seeking a reversal of the Bankruptcy Court's denial

of its Petition.   On April 13, 2007, the Court sent the parties a notice stating that the

Court is dispensing with oral argument on Landlord's appeal.  *See* E.D. Mich. LR

7.1(e)(2).

## I.    Background

On June 8, 2006, Baby N' Kids Bedrooms, Inc. ("Debtor") filed a Chapter 7

petition.  At the time the Debtor filed its petition, Debtor leased non-residential property

owned by Landlord.  In addition, at the time Debtor filed its petition, it had not paid rent

for June 2006, which was originally due June 1, 2006, as required by the lease.  (Debtor's

Br., Ex. C).

On July 7, 2006, Debtor filed a Motion to Reject Unexpired Lease.  (Debtor's Rep.

Br. at 2).  In its motion, Debtor requested an order rejecting the lease entered into with

Landlord, effective July 31, 2006.  (*Id.*).  The Bankruptcy Court entered the requested

order on July 27, 2006, and Debtor vacated the premises on July 31, 2006.  (Debtor's

Rep. Br., Ex. D).

On September 18, 2006, Landlord filed its Petition for Allowance for

Administrative Expense.  (Bankr. Rec., Ex. 4).  In its Petition, Landlord argued that

Debtor occupied the leased premises from the date it filed for bankruptcy, June 8, 2006,

until August 14, 2006.  (*Id.*).  Landlord sought as an administrative expense under 11

U.S.C. § 503(b) for administrative rent calculated according to the number of post-

petition days Debtor occupied the leased premises.  (*Id.* at 1).   Section 503(b) provides in

relevant part: "After notice and a hearing, there shall be allowed administrative expenses,

other than claims allowed under section 502(f) of this title[1] including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . ." *Id.* § 503(b)(1).

On September 25, 2006, Debtor filed an objection to Landlord's Petition.  (Bankr. Rec., Ex. 5).  In its objection, Debtor argued that Landlord was only entitled to rent owed for July 2006.  (*Id.* at 1).  In addition, Debtor argued that the lease was rejected effective July 31, 2006; therefore, Landlord was not entitled any administrative expense for August 2006.  (*Id.* at 2).

Finally and most important for the purposes of the present appeal, Debtor argued that any rent owed for June 2006 was incurred on June 1, 2006.  Thus, according to Debtor, it was a pre-petition obligation.  (*Id.*).  Because it was a pre-petition obligation, Debtor contended that Landlord could not recover such rent as an administrative expense. In support of its argument, Debtor cited *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986 (6th Cir. 2000), *In re 1/2 Off Card Shop*, 00-48425, 2001 Bankr. LEXIS 988 (Bankr. E.D. Mich. 2001), and *In re A.L. Damman Co.*, 04-40700 (Bankr. E.D. March 2, 2004)(unpublished).[2]  (*Id.*).  All three of these cases interpreted § 365(d)(3) of the Bankruptcy Code, which provides in pertinent part:

> The trustee shall timely perform all the obligations of the
> debtor, except those specified in section 365(b)(2), arising

---

[1]Claims allowed under § 502(f) are limited to involuntary cases.  11 U.S.C. § 502(f). Debtor in this case filed a voluntary petition.

[2]Debtor does not provide and this Court is unable to locate a written opinion in *A.L. Damman*.  Debtor does, however, provide a transcript that specifically states it is the "Opinion of the Court."  (Debtor's Rep. Br., Ex. E).  Thus, the Court will rely on this transcript as the holding of the bankruptcy court.

> from and after the order for relief[3] under any unexpired lease
> of nonresidential real property, until such lease is assumed or
> rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

Subsequently, on October 23, 2006, the Honorable Steven W. Rhodes held a

hearing on Landlord's Petition.  At the hearing, Debtor agreed that Landlord was entitled

to an administrative expense for July 2006.  (Debtor's Rep. Br., Ex. A at 3).  In addition,

because the lease was rejected effective July 31, 2006, Landlord agreed that it was not

entitled to an administrative expense for August 2006.  (*Id.*).  Thus, the sole issue before

the Bankruptcy Court was whether Landlord was entitled to an administrative expense

from June 8 through June 30, 2006.

At the hearing, Landlord's counsel stated: "We didn't bring our petition under

Section 365(d), and I don't know that that's the exclusive source of our allowance for

administrative expense, so we think we've stated a prima facie case."  (Rep. Br. Ex. A,

Oct. 23, 2006 Bankr. Tr. at 2).  Judge Rhodes replied, "Of course, if you're right about

[Section] 503, we hardly need Section 365."  (*Id.* at 2-3).  In response to this statement,

Landlord's counsel stated:

> Well, there is a difference.  With Section 365 the landlord
> doesn't have to show that th rent is reasonable.  All he has to
> do is show that there's a lease.  Under Section 503(b) there's
> a presumption of what we're entitled to is the fair rental value,
> but you start off with a presumption that the lease states the
> fair rental value, but that's an issue under one section and not
> in the other, and so we think the trustee has not stated a valid

---

[3]The filing of a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code
constitutes an "order of relief."  11 U.S.C. § 301.

objection to our claim.

(*Id.* at 3).  Debtor argued that according to the three cases cited in its objection, it "believes that the landlord is only entitled to an administrative expense for the month of July . . . ." (*Id.* at 4).

Ultimately, Judge Rhodes stated that he "agree[d] with the [Debtor's] interpretation of the applicable case law and denie[d] the [Landlord's] request to the extent that it [sought] an administrative rent for the time period before July 1st in the context of this case." (*Id.* at 5).  The Bankruptcy Court stated: "The *Koenig* case, of course, is binding on this Court, and it and its progeny fully support the trustee's position here.  The practical reality of the movant's case is that it reinstates the apportionment theory rejected in *Koenig* . . . ." (*Id.*).

The Bankruptcy Court issued an order formalizing the denial of Landlord's Petition on November 2, 2006.  In the November 2, 2006 order, the Bankruptcy Court found that "the rent owing for the entire month of June 2006 constitutes a pre-petition obligation and that any rent owing for June 8 through June 30, 2006 constitutes a pre-petition obligation not entitled to administrative expense treatment[.]" (Debtor's Br., Ex. B).  On November 12, 2006, Landlord filed a motion for reconsideration on the Bankruptcy Court's November 2, 2006 order.  The Bankruptcy Court denied the motion for reconsideration on November 20, 2006.

## II.   Standard of Review

28 U.S.C. Section 158(a)(1) provides: "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of

bankruptcy judges . . . .  An appeal under this subsection shall be taken only to the district

court for the judicial district in which the bankruptcy judge is serving."  28 U.S.C. §

158(a)(1).

Where, as here, the facts are not dispute and the issue presented involves a purely

legal question, the district courts apply a *de novo* standard of review.  *In re Caldwell*, 851

F.2d 852, 857 (6th Cir. 1988).

## III.   Discussion

In its appeal, Landlord presents the following issue: "Whether the trial court erred

by not allowing a landlord an administrative expense under 11 USC § 503(b) for the time

that the debtor actually occupied the leased premises."  (Br. at 1).

As stated above, § 503(b)(1) provides: "After notice and a hearing, there shall be

allowed administrative expenses, other than claims allowed under section 502(f) of this

title[4] including – (1)(A) the actual, necessary costs and expenses of preserving the estate .

. ."  To determine whether a claim constitutes an administrative expense under § 503(b),

the Sixth Circuit applies what is known as the "benefit to the estate" test.  Under this test,

"a debt qualifies as an 'actual, necessary' administrative expense only if: (1) it arose from

a transaction with the bankruptcy estate; and (2) directly and substantially benefitted the

estate."  *Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman,*

*Inc.)*, 126 F.3d 811, 816 (6th Cir. 1997)).  If a claim constitutes an administrative expense

under this test it is "entitled to first priority among unsecured and priority claims."

---

[4]Claims allowed under § 502(f) are limited to involuntary cases.  11 U.S.C. § 502(f).
Debtor in this case filed a voluntary petition.

*United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.)*, 219 B.R. 741, 746

(BAP 6th Cir. 1998)(citing 11 U.S.C. § 507(a)(1)).  Furthermore, "[i]t is an absolute

requirement for administrative expense priority that the liability at issue arise post-

petition."  *Sunarhauserman*, 126 F.3d at 817.

      In its November 2, 2006 order denying the Landlord's Petition, the Bankruptcy

Court did not cite to any particular statute.  The transcript of the October 23, 2006

hearing, however, reveals that the Bankruptcy Court did rely on or, at the very least, find

instructive the cases cited by Debtor in its objection.

      One case discussed at the hearing was *Koenig Sporting Goods, Inc.*("*Koenig*").  The

debtor in *Koenig* leased property owned by the landlord.  *Koenig*, 203 F.3d at 987.  Under

the terms of the lease, the debtor was required to furnish the rent "on the first of each

month for that month's rent."  *Id.*  After voluntarily filing for bankruptcy under Chapter

11 of the Bankruptcy Code, debtor notified the landlord on November 25, 1997, that it

was rejecting the lease effective December 2, 1997.  *Id.* at 988.  The landlord "filed a

request with the bankruptcy court seeking payment of the rent for the full month of

December."  *Id.*  The debtor objected to this request, but "[t]he bankruptcy court

disagreed and granted [the landlord's] request."  *Id.*  The debtor appealed and the Sixth

Circuit's Bankruptcy Appellate Panel ("BAP") affirmed.  *See In re Koenig Sporting*

*Goods, Inc.*, 229 B.R. 388 (BAP 6th Cir. 1999).  On appeal to the Sixth Circuit, the

debtor argued that the bankruptcy court and the BAP erred when it held that the landlord

"was entitled to a full month's rent under 11 U.S.C. § 365(d)(3)" and that it should only

be required to pay "a pro-rata share of the December rent for those days the debtor

actually occupied the property . . . ."  *Koenig*, 203 F.3d at 988.

The Sixth Circuit disagreed with the debtor's argument and found that in cases "involving a month-to-month, payment-in-advance lease, where the debtor had complete control over the obligation, we believe that equity as well as the statute favors full payment to [the landlord]."  *Id.*  In describing its reasoning, the Sixth Circuit stated:

> The specific obligation to pay rent for December 1997 arose on December 1, which was during the postpetition, prerejection period.  Under these circumstances, § 365(d)(3) is unambiguous as to the debtor's rent obligation and requires payment of the full month's rent.

*Id.*

Landlord contends that *Koenig* does not apply to its Petition because it dealt with § 365(d)(3), not § 503(b).  Debtor argues that the reasoning in *Koenig* precludes Landlord from obtaining an administrative expense under § 503(b)(3) when it could not obtain such an expense under § 365(d)(3).

This Court agrees with Debtor.  Although Landlord is correct in arguing that *Koenig* dealt with § 365(d)(3), as opposed to § 503(b), this Court believes that the reasoning applied in *Koenig* governs the outcome in this particular case.  Like the lease in *Koenig*, the lease entered into between Landlord and Debtor provided that the rent was due "[o]n the **first** day of each month" for that month's rent.  (*See* Rep. Br. Ex. C)(emphasis in original).  Consequently, in this case, Debtor's obligation to pay rent for June 2006 arose on June 1, 2006.  *Koenig*, 203 F.3d at 989.  Therefore, because the obligation to pay rent for June 2006 arose pre-petition, Landlord's claim is not entitled to priority as an administrative expense under § 503(b)(1).  *Sunarhauserman*, 126 F.3d at

8

817.

Accordingly,

**IT IS ORDERED**, that the November 2, 2006 Order of the Bankruptcy Court is

**AFFIRMED**.


                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Martin L. Fried, Esq.
Howard S. Sher, Esq.