UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

BABY N' KIDS BEDROOMS, INC.,

    Debtor.

_____/

BK NOVI PROJECT, L.L.C.,                      Case No. 06-15314

    Plaintiff/Appellant,                  Honorable Patrick J. Duggan

v.

MICHAEL STEVENSON, trustee for Baby
N' Kids Bedrooms, Inc.,

    Defendant/Appellee.

_____/

## OPINION AND ORDER DENYING LANDLORD'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 14, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On October 23, 2006, the Honorable Steven W. Rhodes of the Eastern District of

Michigan Bankruptcy Court held a hearing on BK Novi Project, L.L.C.'s ("Landlord")

Petition for Allowance of Administrative Expense ("Petition"), which was brought

pursuant to 11 U.S.C. § 503(b) for post-petition administrative rent from June 8 through

August 14, 2006. Judge Rhodes denied the Landlord's Petition with respect to the period of June 8 through June 30, 2006. On April 24, 2007, this Court affirmed the Bankruptcy Court's order. Presently before this Court is Landlord's motion for reconsideration.

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2), "[n]o response to [a] motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise." Furthermore, the standard for a Motion for reconsideration is set forth in Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, "[t]he Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

First, Landlord argues that this Court's decision will lead to "absurd results." This Court disagrees. In holding that the June 2006 rent arose on June 1, 2006, the date the rent became due under the lease, the Court did not foreclose the Landlord's ability to obtain such rent or the fair rental value for the time the debtor occupied the leased

2

premises. Rather, it merely held that because the obligation to pay rent for June 2006 arose pre-petition, Landlord is not entitled to an administrative claim under § 503(b), denying Landlord "first priority among unsecured and priority claims." *United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.)*, 219 B.R. 741, 746 (BAP 6th Cir. 1998)(citing 11 U.S.C. § 507(a)(1)). This result is consistent with the reasoning of the Sixth Circuit in *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986 (6th Cir. 2000).

Second, Landlord contends that the Court wrongfully engrafted an additional requirement onto a § 503(b) claim for an administrative expense, requiring that such a claim not only benefit the estate, "but also that the due date for rent fall after the petition is filed." (Landlord's Mot. at 4). As stated in this Court's April 24, 2007 Opinion and Order, "[i]t is an absolute requirement for administrative expense priority that the liability at issue arise post-petition." *Pension Benefit Guar. Corp. v. Sunarhauserman*, 126 F.3d 811, 817 (6th Cir. 1997). Thus, whether or not an administrative expense is related to a lease, it must arise post-petition.

For the foregoing reasons, this Court does not believe Landlord has demonstrated a palpable defect by which the Court was misled.

Accordingly,

**IT IS ORDERED**, Landlord's motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Martin L. Fried, Esq.
Howard S. Sher, Esq.